IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTONIA DOUGLASS and ELIZABETH EVERETT, | ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION |
| v. | ) No. 20-2076-KHV ) |
| GARDEN CITY COMMUNITY COLLEGE, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion For Leave To File Under Seal By Defendants Garden City, Kansas [And] Freddie Strawder (Doc. #18) filed July 24, 2020. For reasons stated below, the Court overrules defendants' motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Id.; Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that "countervailing interests heavily outweigh" the public interest in access to court proceedings and documents. United States v. Bacon, 950 F.3d 1286, 1293 (10th

Cir. 2020) (quoting Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012)) (internal quotation marks and citation omitted).  To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Colony Ins., 698 F.3d at 1242; Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Defendants seek leave to file under seal an investigatory record of the Garden City Police Department.  Defendants state that the record is protected from disclosure under Kansas law, but they do not specifically explain how any interest in non-disclosure of the exhibit "heavily outweighs" the public interest in open courts.  Bacon, 950 F.3d at 1293; see Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  In particular, defendants do not specify which Kansas law protects the exhibit from disclosure or why redaction of the alleged victim's name, address and phone number would not adequately protect any privacy or other interests.  The Court therefore overrules defendants' motion to seal.

**IT IS THEREFORE ORDERED** on Defendant's Motion for Leave to File Under Seal by Defendants Garden City, Kansas, Freddie Strawder (Doc. #18) filed July 24, 2020 is **OVERRULED.  On or before September 1, 2020, defendants shall file a copy of the exhibit with the alleged victim's name, address and phone number redacted.**

Dated this 25th day of August, 2020 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge