IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTONIA DOUGLASS and, ELIZABETH EVERETT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 20-2076-KHV-GEB ) |
| GARDEN CITY COMMUNITY COLLEGE, HERBERT J. SWENDER, RODNEY DOZIER, MERILYN DOUGLASS, BLAKE WASINER, JEFF CRIST, STEVE MARTINEZ, and TERI WORF, Trustees of Garden City Community College, in their Official capacities, | ) ) ) ) ) ) ) ) |
| and | ) ) |
| BRICE KNAPP, and FREDDIE STRAWDER, and GARDEN CITY, KANSAS, through its POLICE DEPARTMENT | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court for two reasons: 1) Defendants' Unopposed Motion For Leave To Amend Answer (**ECF No. 153**); and 2) Plaintiffs' Motion For Leave To File Second Amended Complaint, (**ECF No. 154**.) While Defendants' request is unopposed, Plaintiffs' request bears opposition. Based upon review of the parties' briefings, and for the reasons stated below, both requests are **DENIED without prejudice**. The Court will address Plaintiffs' request first.

1

I. **Plaintiffs' Motion For Leave To File Second Amended Complaint (ECF No. 154)**

Plaintiffs purportedly seek leave to clarify "their causes of action and to delete a count pursuant to the court's Orders."[1] Defendants, Garden City Community College, Merilyn Douglass, Blake Wasinger, Jeff Crist, Steve Martinez, Teri Worf, Herbert Swender, Brice Knapp, and Rodney Dozier do not oppose amendment by limitation of Plaintiffs' legal claims. But, they do take issue with Plaintiffs' motion on several bases, including the proposed Second Amended Complaint adds 38 additional paragraphs while failing to clarify any specific cause of action; it fails to change any legal theories; and most of all, taking a side by side comparison to the First Amended Complaint, the amendments are confusing.[2]

A. **DISCUSSION**

The parties are clearly aware, as stated in their briefings, of the standard pursuant to Fed. R. Civ. P. 15 the Court should consider in ruling on a motion for leave to amend any pleading; that being timeliness of the motion, prejudice to opposing party, bad faith, and futility of the amendment. This Court is also aware amendment should be freely granted "when justice so requires.[3]"

---

[1] ECF No. 154, ¶3.
[2] ECF No. 155.
[3] A court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013). Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court. *See J. Vangel*

The Court's concern here is neither the Rule 15 standard, nor the applicable case law encouraging amendment. Rather, it is the parties' lackadaisical manner of practice with regard to this particular briefing and the interests of Fed. R. Civ. P. 1. Defendants argue Plaintiffs, in their two-page motion and accompanying Proposed Second Amended Complaint, put forth at least 38 amendments without modifying its legal theories. Moreover, Defendants argue Plaintiffs' proposed clarifications present more confusing than the claims outlined in the First Amended Complaint. Defendants do not object to Plaintiffs limiting their claims, but they do object to the failure to clarify "anything."[4]

From the Court's lens, it appears the motion practice exhibited by counsel in this case borders on harassment; on both sides. First, Plaintiffs' motion, is misleading, given the changes in the proposed Second Amended Complaint, which were not in any form, clearly identified for opposing counsel, nor the Court. And, even though Fed. R. Civ P. 15 does not expressly require the proposed amendments be specifically identified, with the noted level of experience of counsel practicing in this case, the Court would have expected more. The instant motion, quite frankly, invited opposition, and unnecessary motion practice. The Court believes meaningful and ongoing conferral regarding amendment would best serve the interest of Fed. R. Civ. P. 1.

As to the Defendants, the Court appreciates their efforts to initiate conferral after Plaintiffs filed their motion, but the efforts were nominal, meaningless, and not all due to

---

*Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).
[4] ECF No. 155, p.3

3

Plaintiffs' reluctance to compromise. Defense counsel's experience in such matters is also duly recognized. However, there should be no confusion that Defendants neither get to dictate Plaintiffs' factual allegations, nor how they are pled. It is the Court's opinion conferral should have occurred prior to the briefings herein.

From the Court's viewpoint, counsel - on both sides - halfheartedly conferred, gave up, and set it on the Court's plate to sort out. As the parties are aware, the undersigned is, generally ready, and most times, on demand, willing, and available, to resolve disputes and has stated as much to counsel. But the motion practice here, adversely affects the Court's ability to control its docket[5], and is not ripe for Court intervention in its current state, especially when counsel are capable of hunkering down, and taking the time to resolve these differences, upon proper conferral, consistent with the noted education, training, and experience of all counsel involved. For these reasons, at this time, Plaintiffs' request is hereby denied without prejudice to refiling.

## II. Defendants' Unopposed Motion For Leave To Amend Answer (ECF No. 153)

Because Defendants' request to amend its Answer is unopposed, the Court could summarily grant the request. However, in light of the content and spirit of the Court's ruling as to Plaintiffs' request seeking amendment of its First Amended Complaint, and the Court's anticipation following proper conferral between the parties, Plaintiffs' request will be renewed in some fashion, either by agreement or opposed motion, granting Defendants' request is seemingly premature. In order to avoid unnecessary pleadings, and to avoid

---

[5] *U.S. v. Williams,* 790 F.3d 1059, 1069 (10th Cir. 2015) (Federal courts enjoy numerous inherent equitable powers including the power to control its courtroom).

4

crowding the Court's docket, Defendants' request, though unopposed is also premature at this time, and is thus denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (**ECF No. 154**) is **DENIED without prejudice**, and Defendants' Unopposed Motion For Leave To Amend Answer **(ECF No. 153)** is also **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the parties shall fully and meaningfully confer in a manner consistent with the discussion herein in order to determine which amendments to Plaintiffs' First Amended Complaint, if any, are agreed upon, no later than 14 days from the entry of this order. Should Plaintiffs renew their request for leave to file a Second Amended Complaint, such motion shall be filed no later than **April 29, 2022**. Defendants shall respond no later than **May 13, 2022**. No replies will be permitted. In the event Plaintiffs' anticipated motion is opposed, the parties shall appear, **in person**, before the court on **June 8, 2022 at 10:00 a.m.** to argue their respective positions.

**IT IS SO ORDERED.**

Dated April 6, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
