## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ANTONIA DOUGLASS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 20-cv-02076-KHV** |
| | ) | |
| **GARDEN CITY COMMUNITY** | ) | |
| **COLLEGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER SETTING PRETRIAL FILING DEADLINES

This case is set for jury trial beginning **February 27, 2023 at 9:00 AM** at the Wichita U.S. Courthouse, in Wichita, Kansas (courtroom unknown).  On **January 25, 2023 at 11:00 AM**, the Court will hold a status conference by telephone.  Parties are to join by calling (888) 363-4749 and entering access code 1654737.  The Court sets the following deadlines.

### I.   Witnesses And Exhibits.

**a.      Final Witness And Exhibit Disclosures Under Rule 26(a)(3).**  No later than 14 days before trial, the parties shall file final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A).  The parties' final witness lists shall specify which witnesses will be called live, and which will be called via written or video deposition.  For each witness disclosed under Fed. R. Civ. P. 26(a)(3)(A)(i), the disclosures also shall set forth the subject matter of the expected testimony and a brief synopsis of the substance of the facts to which the witness is expected to testify. Witnesses expected to testify as experts shall be so designated. Witnesses and exhibits disclosed by one party may be called or offered by any other party.  Witnesses and exhibits not so disclosed and exchanged as required by the Court's order shall not be permitted to testify

or be received in evidence, respectively, except by agreement of counsel or upon order of the Court.

  **b.**  **Objections.** No later than 7 days before trial, the parties shall file any objections under Fed. R. Civ. P. 26(a)(3)(B).  The Court shall deem waived any objection not timely asserted, unless excused by the Court for good cause shown.

  **c.**  **Exhibits.** No later than 14 days before trial, the parties shall mark all exhibits. The parties shall exchange copies of exhibits at or before the time they are marked.  The parties shall also prepare lists of their expected exhibits, in the form of Attachment 1 to this order, for use by the courtroom deputy clerk and the court reporter. In marking exhibits, the parties shall use preassigned ranges of numbered exhibits.  Plaintiff shall use Exhibit Nos. 1-799; defendant(s) shall use Exhibit Nos. beginning with 800.  On the first morning of trial, the parties shall each provide for the Court's use a three-ring notebook with numbered tabs that correspond to the numbered exhibits.

  In addition, the parties shall use presentation technology available in the courtroom to display evidence to the jury.  No later than 14 days before trial, counsel should arrange for training on the equipment with the courtroom deputy.

  No later than 14 days before trial, by **4:30 PM**, counsel shall provide in electronic format any exhibits of documents, photographs, videos and any other evidence that may be reduced to an electronic file for use by Court personnel and the Jury Evidence Recording System (JERS).  See instructions regarding JERS under Judge Vratil's Guidelines and Orders at http://www.ksd.uscourts.gov/kathryn-h-vratil/.  Documents and photographs shall be in .pdf, .jpg, .bmp, .tif, or .giv format; video and audio recordings shall be in .avi, .wmv, .mpg, .mp3, .wma, or .wav format.  Each electronic exhibit shall be saved as a separate, independent file and provided

to the Court on a storage device such as cd, dvd or flash drive.  Counsel shall list the electronic files using the same names and in the same order as on the exhibit list.  File sharing sites such as Dropbox may not be used to provide electronic exhibits.  Counsel shall list the electronic files using the same order as on the exhibit list.  File names must conform to the standards listed in the JERS instructions or they will be returned to counsel for renaming.

   **d.    Deposition Testimony.**   No later than 21 days before trial, consistent with Fed. R. Civ. P. 26(a)(3)(A)(ii), any deposition testimony which a party seeks to offer other than to impeach a testifying witness shall be designated by page and line in a pleading and filed.   No later than 14 days before trial, any counter-designations in accordance with Fed. R. Civ. P. 32(a)(6), together with any objections to designations made by the offering party, shall be filed.   No later than 12 days before trial, any objections to the counter-designations shall be filed.    Before filing any objections, the parties shall have conferred in good faith to resolve the dispute.    No later than 7 days before trial, to facilitate the Court's ruling on any objections to designations  or counter-designations, the party seeking to offer the deposition testimony shall provide the Court  a copy  of each deposition transcript at issue.    Plaintiff shall use red highlighting to identify designated testimony.  Defendants shall use blue highlighting to identify designated testimony.  The parties shall use green highlighting to identify objections to any designated testimony.  After reviewing these highlighted transcripts, the Court will issue its rulings regarding any objections.  The parties shall then file the portions of the depositions to be used at trial in accordance with D. Kan. Rule 32.1 and submit any videotape or DVD edited testimony to reflect the designations and the Court's rulings on objections.

## II.  MOTIONS.

Absent an order of the Court, the parties shall submit all briefs and memoranda in compliance with D. Kan. Rule 7.1.

**Motions In Limine.**   The parties shall file all motions in limine no later than 21 days before trial.   The parties shall file briefs in opposition to motions in limine within the time period required by D. Kan. Rule 6.1(d)(1), or at least 14 days before trial, whichever is earlier.  Absent leave of the Court, the parties shall not file reply briefs in support of motions in limine.

## III.     FURTHER PROCEEDINGS AND FILINGS.

**a.      Trial Briefs.**  No later than 14 days before trial, a party may submit a trial  brief which complies with the requirements of D. Kan. Rule 7.6.  The Court does not require trial briefs but finds them helpful if the parties anticipate that unique or difficult issues will arise during trial.

**b.      Voir Dire.**   The Court will conduct the initial voir dire process, but counsel for each party will be allowed 20 minutes for supplemental interrogation. No later than 14 days before trial, a party may submit supplemental voir dire questions to address particularly unusual areas of questioning, or questions that are likely to result in objections by the opposing party. Objections to any supplemental voir dire shall be filed no later than 12 days before trial.

**c.      Jury Instructions.**

**(1)**      The parties shall submit requests for proposed instructions in jury cases in compliance with Fed. R. Civ. P. 51 and D. Kan. Rule 51.1. Under D. Kan. Rule 51.1, the parties and attorneys have joint responsibility to attempt to submit one agreed set of preliminary and final instructions which specifically focuses on the parties' factual contentions, the controverted essential elements of any claims or defenses, damages, and any other instructions

unique to this case.  In the event of disagreement, each party shall submit its own proposed instructions with a brief explanation, including legal authority as to why its proposed instruction is appropriate, or why its opponent's proposed instruction is inappropriate, or both.  Standard instructions concerning the jury's deliberations, the evaluation of witnesses' credibility, etc. are available under Judge Vratil's Guidelines and Orders at http://www.ksd.uscourts.gov/kathryn-h-vratil/.  It is not necessary to submit standard jury instructions to the Court.

   **(2)** No later than 14 days before trial, the parties shall file proposed instructions.  Objections to proposed instructions shall be filed no later than 12 days before trial.

   **(3)** In addition to filing proposed jury instructions, the parties shall submit their proposed instructions (formatted in Word) as an attachment to an e-mail sent to ksd_vratil_chambers@ksd.uscourts.gov.

  **d.** **Closing Arguments.**

Closing arguments are twenty (20) minutes in length, unless otherwise ordered.

Dated this 12 day of December, 2022 at Kansas City, Kansas.

       s/ Kathryn H. Vratil
       KATHRYN H. VRATIL
       United States District Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Trial | February 27, 2023 at 9:00 AM |
| Status Conference | January 25, 2023 at 11:00 AM by telephone |
| Final witness & exhibit disclosures | No later than 14 days before trial |
| Objections to final witness & exhibit disclosures | No later than 7 days before trial |
| Exhibits marked and exchanged | No later than 14 days before trial |
| Arrange training on courtroom technology equipment | No later than 14 days before trial |
| Exhibits provided to court in electronic format | No later than 14 days before trial |
| Deposition testimony designated | No later than 21 days before trial |
| Objections to deposition designations, along with any counter-designations | No later than 14 days before trial |
| Objections to counter-designations of deposition testimony | No later 12 days before trial |
| Submission of disputed deposition designations to trial judge | No later than 7 days before trial |
| Motions in limine | No later than 21 days before trial |
| Briefs in opposition to motions in limine | No later than 14 days before trial |
| Proposed jury instructions | No later than 14 days before trial |
| Trial briefs | No later than 14 days before trial |
| Proposed voir dire | No later than 14 days before trial |
| Objections to proposed jury instructions | No later than 12 days before trial |
| Objections to proposed voir dire | No later than 12 days before trial |
| Meet and confer regarding trial agreements | No later than February 13, 2023 |
| Email trial agreements to chambers | No later than February 21, 2023 |

**EXHIBIT SHEET**

**CASE NO.** _____                    _____**EXHIBITS**

| NO. | DESCRIPTION OF | ID | OFF | ADD | DEPOSITION OR WITNESS |
|-----|----------------|-----|-----|-----|----------------------|
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |
|     |                |     |     |     |                      |

Timestamp: 1/27/2017 7:57 AM CST

# TRIAL AGREEMENTS*

1.  The parties will ask the court to dispense with the requirement of a final Pretrial Order and instead exchange witness and exhibit lists, deposition designations, and proposed jury instructions as agreed to below. The parties will also ask the Court to permit whatever they have agreed to herein.

2.  Real live witness lists will be exchanged on _____. Any witness who appears on a party's live witness list whom the other side has not deposed, can be deposed before the final pretrial

3.  The length of the trial (excluding openings and closings) will be ___ days and that time will be split equally. Each party will get ___ to open and ___ to close.

4.  The list of witnesses to be called by deposition will be exchanged 48 hours before the trial commences. Actual deposition designations will be provided 48 hours before a party intends to read or play a deposition. The opposition then has 24 hours to object and counter-designate, and the originally designating party has 4 hours to object to any counter-designations. The deposition may be used as soon as the Court rules on the objections.

5.  Deposition counter-designations will be counted against the designator's time. Counter-designations for optional completeness will be played during the "direct examination" portion of the video playback. All counter-designations will be played in full after the "direct examination" portion of the video playback is completed.

6.  We will agree on the in limine orders contained in Exh. A plus a briefing schedule for contested limine motions

7.  We will exchange lists of exhibits (with each exhibit entitled simply Trial Exhibit and numbered sequentially as in the deposition transcripts) on ___ that will be limited to exhibits we in good faith intend to show to the jury during trial. The deadlines for exchanging exhibit objections and a time for lead counsel to meet and confer on them are as follows: _____

8.  All un-objected-to trial exhibits listed on the exhibit lists at the time the trial begins are deemed admitted when mentioned by any party during trial

9.  All exhibits produced by a party are presumed to be authentic. All exhibits produced by the following third-parties are also presumed to be authentic:

_____ If

nevertheless an authenticity objection is made pursuant to para. 7 above, the party seeking to admit the exhibit is entitled to take expedited telephonic depositions to authenticate the exhibit before or during trial.

10. The parties will ask the court to administer a questionnaire to the venire and to provide the completed questionnaires to counsel as early as possible. The parties will exchange proposed jury questionnaires on _____ and try to reach agreement before the final pretrial conference

11. An agreed juror notebook containing a glossary, cast of characters, chronology and any key documents

12. The jurors can take notes and can use their own notes during deliberations. When each witness takes the stand, the party calling that witness will provide each juror with a lined sheet of looseleaf paper with a photo and the name and title of the witness, suitable for taking notes on and placing in the juror notebook.

13. Jurors can direct, through the judge, questions to each witness before he or she leaves the stand. Attached as Exhibit B is a protocol of doing this.

14. The parties shall notify opposing parties of the order in which they plan to call live witnesses each Friday by 5pm for the following week. The

Timestamp:  1/27/2017 7:57 AM CST

parties shall further notify opposing parties 36 hours before any particular witness is called live

15. Demonstratives (i.e., charts, power point slides, models and the like, that do not go back into the jury room) need not be listed on the parties Trial Exhibit lists.    Those to be used on direct examination, opening or closing will be provided to opposing counsel before the session (morning or afternoon) in which they will be used.

16. The parties will (a) exchange proposed preliminary and final jury instructions on _____ and ____, respectively; (b) ask the Court to give preliminary substantive instructions; and (c) try to reach agreement on preliminary instructions before the trial begins and on final instructions before the court sets a charge conference.    If a pattern instruction is available, it will be used.

17. The parties will ask the court to instruct the jury before rather than after final arguments.

18. The parties will ask the Court to provide each juror with a copy of the instructions and verdict form.

19. The parties will jointly request real-time reporting

20. The parties will share any courtroom audio-visual equipment and will provide each other

Timestamp: 1/27/2017 7:57 AM CST

electronic versions of whatever they display immediately after the display

21. Each side will be allowed _____ minutes of interim argument that can be used in increments no greater than ___ minutes when no witness is on the stand.


*These Trial Agreements have been suggested by Stephen D. Susman of Susman Godfrey and Paul C. Sanders of Cravath, Swaine & Moore

Timestamp: 1/27/2017 7:57 AM CST

# EXHIBIT A

# AGREED MOTION IN LIMINE

1.     Privileged communications.

The intent or understanding of any parties' counsel, and the content of any attorney-client privileged or confidential communications, or lack thereof. FED. R. EVID. 501; TEX. R. EVID. 503. (Oral or written communications between any third party and counsel for one of the parties, which are non-privileged and non-confidential, may be inquired into, subject to objection on relevancy or other ground.)

Counsel shall refrain from asking questions that may tend to require an attorney or witness to divulge a client confidential or privileged communication, or which may tend to require an attorney or witness to have to object to answering on such grounds. FED. R. EVID. 403.

2.     Questions about trial preparation.

Questions about how counsel prepared witnesses who they represent for their trial testimony.

3.     References to the filing of a motion in limine.

Reference to the filing of any Motion in Limine by any party because such references are inherently prejudicial in that they suggest or infer that a party sought to prohibit proof or that the Court has excluded proof of matters damaging to a party's case. FED. R. EVID. 401-403.

4.     Exclusion of evidence.

Any reference in any manner by counsel or any witness that suggests, by argument or otherwise, that a party sought to exclude from evidence or proof any matters bearing on the issues in this cause or the rights of the parties to this suit. FED. R. EVID. 401-403.

999603v1/109031

5.    Statement of any venire person.

After the close of voir dire, reference to the statement of any venire person. FED. R. EVID. 401-403.

6.    Questioning attorneys.

Any question by a witness, in front of the jury, directed to the adverse party's counsel. FED. R. EVID. 401-403.

7.    Probable testimony of unavailable witnesses who will not be called by deposition.

That the probable testimony of a witness, who is absent, unavailable or not called to testify in the cause would be of a certain nature. FED. R. EVID. 401-403.

8.    Any reference to any exhibit not being offered by any party.

Any reference to any exhibit not being offered by any party. FED. R. EVID. 401-403.

9.    Pre-trial motions or matters.

Any pre-trial motions or matters, specifically including but not limited to summary judgment motions and the Court's rulings on such motions. FED. R. EVID. 401-403.

10.    Attorney's objections.

In reading or playing videotaped depositions, any attorney's objections, comments, side bars, or responses to objections. FED. R. EVID. 401-403.

11.    Settlements and settlement discussions.

Settlements entered into or discussed with any party, including a party to this lawsuit or to any other action and proceeding, as well as any and all statements made by any party in the settlement discussions during the course of those discussions. FED. R. EVID. 408.

12.   Stipulating to any matter.

Any reference to the fact that counsel for any party may have declined or refused to stipulate to any matter. FED. R. EVID. 401-403.

13.   References to any anyone sitting in the courtroom.

Any reference to any anyone sitting in this courtroom other than witnesses, counsel, the party's corporate representatives, or Court personnel. FED. R. EVID. 401-403.

14.   Reference to other suits.

Any reference, comment, or statement by counsel, or by any witness called to testify, regarding any other suit, litigation, arbitration, or other legal or administrative proceeding. This would be irrelevant, confusing, misleading and unfairly prejudicial. FED. R. EVID. 402 & 403.

15.   Alternative pleadings, theories, and requests for relief.

Any reference, comment, or statement by counsel, or any witness called to testify, regarding the fact that one party or the other may have had alternative pleadings, other theories of liability, or other requests for relief in this lawsuit than those contained in the latest pleading. Those matters are irrelevant and would be confusing, misleading and unfairly prejudicial.

16.   Opinions not disclosed in expert report.

Eliciting any opinion from an expert that is not contained in that expert's written report. *See* FIRST AMENDED SCHEDULING ORDER ¶ 4 ("Any opinion or testimony not contained in the summary will not be permitted at trial.") [D.E. #43].

17.   Location or size of any law firm.

Any suggestion as to where a particular lawyer or firm is from or how big it is.

Timestamp: 1/27/2017 7:57 AM CST

18.     The Wealth, Religious or Political Beliefs or Sexual Preferences of any party

Any reference to the wealth, religious or political beliefs or sexual preferences of any

party.

999603v1/109031

Timestamp: 1/27/2017 7:57 AM CST

# EXHIBIT B

Timestamp:  1/27/2017 7:57 AM CST

### Questions by the Jurors During Trial

1. The court will read the attached instructions included to the jury after the jury is seated and may repeat any or all of these instructions to remind the jury of its role. These instructions explain the procedure that will be used to allow jurors to submit written questions.

2. After the parties have asked their own questions of each witness who appears and testifies, jurors will be given the opportunity to write any questions they may have for the witness on the attached juror question form.

3. To the extent possible, the court will take steps to maintain the anonymity of any juror who asks a question. The court will instruct jurors not to put their names on juror question forms. The court will provide each juror a juror question form in the jury box and ask each juror to pass the form to the bailiff at the end of the witness examination. The court will have every juror pass down his or her juror question form—even if the juror did not write a question on the form—in order to preserve anonymity.

4. Upon receipt of a written question from the jury, the court will allow the parties, outside the hearing of the jury, to make objections to the question on the record and obtain a ruling. On its own initiative or upon a party's request, the court may remove the witness from the courtroom before reviewing the question or allowing the parties to object to the question.

5. In its discretion, the court may reword the question or decide that the question should not be asked. If the court rewords the question, the court should read the reworded question and allow the parties to make objections to the reworded question on the record and obtain a ruling outside the jury's hearing.

6. If the court allows a verbatim or reworded juror question, the court may either ask the question or allow a party to ask the question of the witness. The parties will be allowed to ask any follow-up questions.

7. The court will include any completed juror question form in the record.

Attachments:  1)    Instruction on Juror Questions
              2)    Juror Question Form

Timestamp: 1/27/2017 7:57 AM CST

## Attachment 1

## INSTRUCTION ON JUROR QUESTIONS

After the parties have asked their own questions of each witness and before each witness is excused, you may submit in writing any questions you have for that witness. Any questions you submit should be about the testimony the witness has given. Your questions should not give an opinion about the case, criticize the case, or comment on the case in any way. You should not argue with the witness through a question.

I will review all your questions with the parties privately. Keep in mind that the rules of evidence or other rules of court may prevent me from allowing some questions. I will apply the same rules to your questions that I apply to the parties' questions. Some questions may be changed or rephrased, and others may not be asked at all. If a question you submitted is not asked, do not take it personally and do not assume it is important that your question is not asked.

You must treat the answers to your questions the same way you treat any other testimony. You must carefully consider all the testimony and other evidence in this case before deciding how much weight to give to particular testimony.

Remember that you are neutral fact finders and not advocates for either party. You must keep an open mind until all the evidence has been presented, the parties have finished their summations, and you have received my instructions on the law. Then, in the privacy of the jury room, you will discuss the case with the other jurors.

Any question you submit should be yours alone and not something you got from another person. That is because of my overall instruction that you must not discuss the case among yourselves or with anyone else until you have heard my final instructions on the law, and I have instructed you to begin your deliberations.

**Attachment 2**

## JUROR QUESTION FORM

You may submit one or more questions about the witness's testimony. Your questions should be short. You may not give an opinion about the case, criticize the case, or comment on the case in any way. You may not argue with the witness through a question. Your questions should be yours alone and not something you got from another juror.

Write your questions, if any, on this form. Do not put your name on the form. The judge will apply the same rules to your questions that the judge applies to the parties' questions. These rules are based on various rules of law and procedure. Some questions may be changed or rephrased, and others may not be asked.

You must treat the answers to your questions the same way you treat any other testimony. You must carefully consider all the testimony and other evidence in this case before deciding how much weight to give particular testimony. And you must not discuss this case with a fellow juror until the judge has told you to begin your deliberations.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Timestamp: 1/30/2017 1:10 PM CST

**(Style of Case)**

## PRETRIAL AGREEMENTS WITH OPPOSING COUNSEL*

Here is a list of pretrial agreements to try to reach with the other side before discovery begins. These agreements will make life easier for both sides and do not advantage one side over the other. Waiting until you are in the heat of battle to try to reach these agreements, one side or the other will feel disadvantaged. Place a check mark in the "Agreed" column for all the agreements that are reached. Any modifications or additions should be noted.

| Item No. | Description | Agreed | Source of Agreement |
|---|---|---|---|
| 1. | As to any discovery dispute, the lead lawyers will try to resolve by phone and no one will write letters to the other, including letters attached as pdf's to emails: just e-mails and phone calls. Each side will copy all of its emails to the email group distribution list provided by the other side | | |
| 2. | Before depositions begin, we will try to agree on how long the trial will last and ask the Court to give us a firm trial setting and to establish the length of the trial. Whatever time is allotted will be divided equally. | | |
| 3. | Depositions will be taken by agreement, with both sides alternating if possible and trying in advance to agree upon the dates for depositions, even before the deponents are identified. Each side gets a total of ___ hours to depose fact witnesses and only one of such depositions can last more than 3 hours. This does not include 30(b)6 depositions. | | |
| 4. | At depositions, all objections to relevance, lack of foundation, non-responsiveness, speculation or to the form of the question will, if requested by the deposition taker, be reserved until trial, so there will be no reason for the defending lawyer to say anything other than to advise the client to assert a privilege or to adjourn the deposition because the questioner is improperly harassing the witness. If counsel violate this agreement, the other side can play counsel's comments/objections to the jury | | |
| 5. | The parties will use the same court | | |

| Item No. | Description | Agreed | Source of Agreement |
|---|---|---|---|
| | reporter/videographer, who they will urge to provide specified services at discounted prices for the right to transcribe all depositions. | | |
| 6. | All papers will be served on the opposing party by e-mail.  For purposes of calculating the deadline to respond, email service will be treated the same as hand—delivery | | |
| 7. | Documents will be produced on a rolling basis as soon as they have been located and numbered; if copies are produced, the originals will be made available for inspection upon request. | | |
| 8. | If the case is in federal court, the parties will seek an order from the court, under FRE 502(d), providing: Each side must initially produce electronically stored information from the files of 5 custodians selected by the other side during an agreed period of time.   Only documents that have a lawyer's name on them can be withheld from production and only if they are in fact privileged. Production does not waive any privilege and documents can be snapped back whenever the producing party recognizes they are privileged. After analyzing the initial production, each side can request electronic files from 5 other custodians.  Beyond that, good cause must be demonstrated.<br><br> Whether in federal court or not, the parties will produce ESI in the native format kept by the producing party, or in a common interchange format, such as Outlook/PST, Concordance or Summation, so it can be searched by the other side.  If any special software is required to conduct a search in native format and is regularly used by the producing party, it must be made available to the other side (at that side's expense, if any).  The parties will produce a Bates numbered file listing of the file names and directory structure of what is on any CDs or DVDs exchanged.  Either side may use an e-mail or an attachment to an e-mail that came from one of these previously produced disks by printing out the entire e-mail (and the attachment if they are using a file that came with an e-mail) and marking it at the deposition or trial, and either side may use application data (which was not an attachment to e-mail—so it's stand-alone on a CD or DVD) as long as | | |

Timestamp: 1/30/2017 1:10 PM CST

| Item No. | Description | Agreed | Source of Agreement |
|---|---|---|---|
| | the footer on the pages or a cover sheet indicates (1) the CD or DVD from whence it came, (2) the directory or subdirectory where the file was located on the CD or DVD, and (3) the name of the file itself including the file extension. | | |
| 9. | If agreement cannot be reached on the form of a protective order within 48 hours of the time they are exchanged, both sides will write a letter to the Court including each other's preferred version and, without argument, ask Court to select one or the other ASAP. | | |
| 10. | All deposition exhibits will be numbered sequentially X-1, X-2, etc., regardless of the identity of the deponent or the side introducing the exhibit and the same numbers will be used in pretrial motions and at trial. | | |
| 11. | The parties will share the expense of imaging all deposition exhibits. | | |
| 12. | We will exchange expert witness reports that provide the disclosures required by the Federal Rules. Neither side will be entitled to discovery of communications between counsel and expert witnesses or to drafts of experts' reports. There will be no depositions of experts unless an expert's report is incomprehensible or incomplete, in which case the party seeking clarification is required to establish the same by motion filed with the Court | | |
| 13. | The production of a privileged document does not waive the privilege as to other privileged documents. Documents that the other side claims are privileged can be snapped back as soon as it is discovered they were produced without any need to show the production was inadvertent. | | |
| 14. | Each side has the right to select 20 documents from the other's privilege list for submission to the court for in camera inspection. | | |
| 15. | We will agree to a briefing schedule and page limitations for all pretrial motions. | | |

*These Pretrial Agreements have been suggested by Stephen D. Susman of Susman Godfrey and Paul C. Sanders of Cravath, Swaine & Moore

1403460v1/107974                                                   - 3 -

Timestamp: 1/30/2017 1:10 PM CST