IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANTONIA DOUGLASS and** ) | |
| **ELIZABETH EVERETT,** ) | |
| Plaintiffs, ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 20-2076-KHV** |
| **GARDEN CITY COMMUNITY** ) | |
| **COLLEGE, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Motion To Strike Plaintiff Douglass' Declaration In Support Of Her Memorandum In Opposition To GCCC Defendants' Motion For Summary Judgment Against Plaintiff Douglass (Doc. #259) filed November 8, 2022. For reasons stated below, the Court overrules defendants' motion to strike.

**Legal Standard**

Under Rule 12(f), Fed. R. Civ. P., the Court may strike material from pleadings. Motions and other papers are not pleadings. See Fed. R. Civ. P. 7(a) (pleadings include complaint, answer, reply to counterclaim, answer to counterclaim, third-party complaint and third-party answer); Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs., 230 F.R.D. 657, 660 (D.N.M. 2005) (complaint, answer and reply constitute pleadings; motions and other papers not pleadings). Although a party may object to summary judgment evidence that is inadmissible, a separate motion to strike is not necessary or appropriate. Fed. R. Civ. P. 56(c)(2) ("[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); Fed. R. Civ. P. 56 advisory committee's note to 2010 amend. ("There is no need to make a separate motion to strike."); Murray v. Edwards Cty. Sheriff's Dep't, 453 F. Supp. 2d 1280,

1284 (D. Kan. 2006) (striking evidence not best approach), aff'd, 248 F. App'x 993 (10th Cir. 2007); Campbell v. Shinseki, 546 Fed. Appx. 874, 879 (11th Cir. 2013); Cutting Underwater Tech. USA, Inc. v. Eni U.S. Oper. Co., 671 F.3d 512, 515 (5th Cir. 2012).

## Background

On November 16, 2022, defendants refiled a motion for summary judgment. Garden City Community College Defendants' Motion For Summary Judgment Against Plaintiff Antonia Douglass (Doc. #269). On November 18, 2022, plaintiff refiled a response. Plaintiff's Memorandum Of Law In Opposition To The Garden City Community College Defendants' Motion For Summary Judgment Against Plaintiff Antonia Douglass (Doc. #273). In support of her response, plaintiff submitted a 17-page declaration. Exhibit 81 (Doc. #274-55).

On November 8, 2022, defendants filed this motion to strike and asks the Court to strike plaintiff's declaration. Defendants argue that plaintiff's declaration is riddled with admissibility issues and is "a self-serving ruse." Motion To Strike Plaintiff Douglass' Declaration In Support Of Her Memorandum In Opposition To GCCC Defendants' Motion For Summary Judgment Against Plaintiff Douglass (Doc. #259) filed November 8, 2022 at 2.

## Analysis

Defendants' motion to strike evidence from plaintiff's summary judgment response is not appropriate. Another District of Kansas judge has explained as follows:

> Instead of striking an affidavit, the better approach is for the court to consider each affidavit and, to the extent it may assert a fact which is not admissible evidence, simply exclude the requested fact from the court's ultimate findings.

Murray v. Edwards Cty. Sheriff's Dep't, 453 F. Supp. 2d 1280, 1284 (D. Kan. 2006), aff'd, 248 F. App'x 993 (10th Cir. 2007). In their reply to plaintiff's response brief, defendants raise the issue of admissibility several times. The Court is aware of its duty to consider only evidence which

would be admissible at trial and will consider defendants' evidentiary arguments in its forthcoming order on defendant's motion for summary judgment.

**IT IS THERFORE ORDERED** that defendants' <u>Motion To Strike Plaintiff Douglass' Declaration In Support Of Her Memorandum In Opposition To GCCC Defendants' Motion For Summary Judgment Against Plaintiff Douglass</u> (Doc. #259) filed November 8, 2022 is **OVERRULED**.

Dated this 9th day of January, 2023 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge