IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTONIA DOUGLASS and ELIZABETH EVERETT,  ) ) | |
| Plaintiffs,  ) | CIVIL ACTION |
| v.  ) ) | No. 20-2076-KHV |
| GARDEN CITY COMMUNITY COLLEGE, et al.,  ) ) ) | |
| Defendants.  ) ) | |

## ORDER TO SHOW CAUSE

On February 22, 2020, Antonia Douglass filed suit against Garden City Community College, Herbert J. Swender, Rodney Dozier, Merilyn Douglass, Blake Wasinger, Jeff Crist, Steve Martinez and Teri Worf. On January 23, 2023, the Court entered its order on Garden City Community College Defendants' Motion For Summary Judgment Against Plaintiff Antonia Douglass (Doc. #268) filed November 16, 2022.

In its order, the Court held that the individual defendants were not entitled to qualified immunity on plaintiff's First Amendment retaliation claim. Memorandum And Order (Doc. #291) filed January 23, 2023 at 15–16. The Court reasoned that "[i]n the Tenth Circuit, the law has been clearly established since at least 2000 that Section 1983 prohibits retaliation for exercising constitutionally protected rights under the First Amendment." Id. at 16; see e.g., Glover v. Mabrey, 384 F. App'x 763, 768 (10th Cir. 2010) ("It is well-established 'the First Amendment bars retaliation for protected speech.'" (quoting Crawford–El v. Britton, 523 U.S. 574, 592 (1998)); DeLoach v. Bevers, 922 F.2d 618, 620 (10th Cir. 1990) ("An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper. . . . The unlawful intent inherent in such a retaliatory

action places it beyond the scope of a police officer's qualified immunity if the right retaliated against was clearly established.").

On January 25, 2023, counsel for the individual defendants informed the Court that they intend to appeal this decision.  See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  This case is set for trial on February 28, 2023.  Accordingly, if the appellant defendants appeal, the Court orders them to show cause why it should not certify that appeal as frivolous and proceed with trial as ordered.  See United States v. Hines, 689 F.2d 934, 937 (10th Cir. 1982) (court not divested of jurisdiction when it finds appeal frivolous).

**IT IS THERFORE ORDERED that on or before 5:00 p.m. on February 23, 2023, appellant defendants show good cause in writing why the Court should not certify their appeal as frivolous and proceed with trial as ordered, on February 28, 2023.  Plaintiff may respond by 5:00 p.m. on February 25, 2023.**

Dated this 3rd day of February, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge